No. 25-6918

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

Matthews International Corporation, *et al.*,

*Petitioners-Appellees*,

v.

Tesla, Inc.,

*Respondent-Appellant*.

On Appeal from the U.S. District Court for the Northern District of California
No. 25-cv-3325 (Hon. Edward J. Davila)

## MOTION TO SEAL

Allon Kedem
ARNOLD & PORTER KAYE
  SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
(202) 942-5000
allon.kedem@arnoldporter.com

*Counsel for Appellant Tesla, Inc.*

Appellant Tesla, Inc. respectfully moves under Circuit Rule 27-13(e) to seal portions of its briefing and excerpts of record, consistent with the district court's sealing order. Specifically, Tesla moves to seal the following documents:

- Sealed Order Granting Motion to Confirm Arbitration Award; Denying Cross-Motion to Vacate. 3-ER-29-35.

- Exhibit 1 to Declaration of Robert Courtney: Corrected Final Award. 3-ER-36-75.

- Exhibit 2 to Declaration of Robert Courtney: Tesla Contract dated 7/14/2020. 3-ER-76-102.

- Exhibit 3 to Declaration of Robert Courtney: Tesla Contract dated 9/17/2019. 3-ER-103-130.

- Portions of Tesla's briefing that discuss sensitive aspects of the sealed material in the above-mentioned documents.

Compelling reasons support maintaining under seal the unredacted version of the district court's order, the award entered in confidential arbitration between the parties, and the two contracts at issue in the dispute. For that reason, the district court ordered these materials sealed below and entered only a redacted version of its order on the public docket.

***First***, each of the documents requested to be sealed contains confidential business information that would cause irreparable harm if disclosed. This case

concerns valuable Tesla technology and commercial arrangements that are not known to the public. The two contracts at issue relate to the development of proprietary technology with significant commercial value. And the terms under which the parties agreed to develop that technology are protected by confidentiality agreements; have independent commercial value; and would provide benefits to competitors at Tesla's expense if disclosed. The same is true for the confidential arbitration award, which throughout discusses the parties' development of propriety technology and their commercially sensitive business arrangements concerning that development. Tesla would be irreparably harmed by the publication of that information, which would give Tesla's competitors an unfair business advantage that would not otherwise have been available. As this Court and the Supreme Court have recognized, "the common-law right of inspection has bowed before the power of a court to insure that its records are not used ... as sources of business information that might harm a litigant's competitive standing." *In re Elec. Arts, Inc.*, 298 Fed. App'x 568, 569 (9th Cir. 2008) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). On that ground, this Court has gone so far as to order by mandamus that a court maintain similar confidential contract terms under seal. *See id.*

**Second**, the parties' preexisting agreement to keep their contracts and arbitration proceedings confidential independently confirms that both sides recognize public disclosure of these materials would result in irreparable harm,

3

warranting maintaining the records under seal. Courts within this Circuit have, where parties "agreed that they would maintain the confidentiality of … contractual terms and would not disclose them to third parties," in appropriate circumstances deferred to that agreement by sealing the material designated by pre-existing agreement as confidential. *I3 Brands, Inc. v. CDK Global, LLC*, No. 19-cv-252, 2019 WL 13199741, at *1 (N.D. Cal. Feb. 8, 2019); *see, e.g.*, *Lightning Box Games Pty, Ltd. v. Plaor, Inc.*, No. 17-cv-3764, 2017 WL 7310782, at *4 (N.D. Cal. Dec. 29, 2017) (collecting cases). That same rationale supports sealing the contracts at issue in this appeal, which contain binding confidentiality restrictions that bar either party from disclosing the contracts' terms. As to the arbitration award itself, as noted, that award is replete with close analysis of Tesla's confidential technology and business arrangements. Disclosure of those details would irreparably confer on Tesla's competitors an unfair business advantage they would not otherwise have had, which is a compelling reason to seal. Recognizing the sensitive nature of such proceedings, prior to arbitration the parties contracted, in writing, that such details should remain confidential, and that binding commitment further supports maintaining the arbitral award under seal in its entirety. Where "judicial policy fosters and protects [a] form of alternative dispute resolution," courts may appropriately "preserve the confidentiality" of those proceedings consistent with the parties' agreement. *Bown v. Siegert*, No. 12-cv-262, 2022 WL 474479, at *2 (D. Idaho Feb. 16, 2022) (citation

4

omitted) (collecting cases). Judicial orders that align with the parties' written agreements, and particularly with pre-negotiated commitments to maintain confidentiality of sensitive information in arbitration, are appropriate.

For the same reasons, the Court should also permit sealing of the unredacted version of the district court's order and limited portions of Tesla's briefing in this Court. Both the district court's order and Tesla's briefing necessarily include discussion of the sensitive business information discussed above; specially, the parties' development of propriety technology and the confidential and commercially valuable terms on which they structured their business relationship. As the district court did with its order below, Tesla would make only limited, tailored redactions to its briefing to protect sensitive business information the disclosure of which would cause it irreparable harm.

Pursuant to Circuit Rule 27-13(a), Tesla has filed the above-referenced documents provisionally under seal. Counsel for Tesla has conferred with Appellees' counsel, who indicated that they oppose this motion.

5

Dated: March 9, 2026

Respectfully Submitted,

/s/ Allon Kedem

Allon Kedem
ARNOLD & PORTER KAYE
  SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
(202) 942-5000
allon.kedem@arnoldporter.com

Counsel for Appellant Tesla, Inc.

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing motion complies with the length requirement of Circuit Rule 27-1(1) because it is less than ten pages. I further certify that the document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word for Office 365, in 14-point Times New Roman font.

Dated: March 9, 2026                    Respectfully submitted,

*/s/ Allon Kedem*
Allon Kedem

*Counsel for Appellant Tesla, Inc.*

7

## CERTIFICATE OF SERVICE

I hereby certify that on March 9, 2026, I caused the foregoing document to be electronically filed with the United States Court of Appeals for the Ninth Circuit by using the appellate ACMS system. I certify that all participants in the case are registered ACMS users and that service will be accomplished by email pursuant to the agreement of all parties.

Dated: March 9, 2026                    Respectfully submitted,

*/s/ Allon Kedem*
Allon Kedem

*Counsel for Appellant Tesla, Inc.*

8